IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

LEVI H. MARSHALL,                    :
                                     :
     Plaintiff,                      :
                                     :
vs.                                  :     CIVIL ACTION 08-00464-KD-B
                                     :
CITY SCHOOL BOARD OF                 :
THE CITY OF SELMA, ALABAMA           :
                                     :
     Defendant.

## REPORT AND RECOMMENDATION

This matter, which was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), is before the Court on Defendant City School Board of the City of Selma, Alabama's Motion to Dismiss (Doc. 6).  Upon review of the referenced motion, the undersigned **recommends** that Defendant's Motion to Dismiss be GRANTED.

### I. Background Facts

Plaintiff initiated this action on August 8, 2008 against City School Board of the City of Selma, Alabama (hereinafter "Selma School Board")(Doc. 1).  In his Complaint, Plaintiff alleges that he was hired by Defendant as an Assistant Principal at Selma High School in August 2004, that in May 2007, Defendant sought to transfer him into another position, that Plaintiff opposed the transfer, that Defendant retaliated against him by terminating him without cause and without notice on May 6, 2008, and that he was

1

replaced with "a younger, under the age of 40 female with less experience as the Assistant Principal at Selma High School." (Doc. 1, p. 3).   Plaintiff further alleges that Defendant's actions against him were "motivated by his age, and sex." (Id.)   In Count I of Plaintiff's complaint, Plaintiff alleges that in violation of the Age Discrimination in Employment Act (hereinafter "ADEA"), Defendant discriminated against Plaintiff by terminating him and replacing him with a younger individual who had less experience. (Doc. 1, p. 4)   In Count III[1] of his Complaint, Plaintiff alleges that Defendant discriminated against him, in violation of Title VII, because of his sex, male, by terminating him and replacing him with a female who had less experience. (Id.)   In Court IV of the Complaint, Plaintiff alleges that Defendant "violated the Thirteenth Amendment to the United States Constitution as protected by 42 U.S.C. § 1981". ((Doc. 1, p. 5) Plaintiff also asserts that he has fulfilled all conditions precedent to the institution of an action under Title VII and the ADEA, including filing his complaint within ninety of receipt of the EEOC's Right to Sue Letter, "which he received on or about May 9, 2008."

Defendant Selma School Board filed a Motion to Dismiss Plaintiff's Complaint and Brief in Support on September 9, 2008, a

---

[1]Plaintiff's Complaint does not contain a paragraph labeled as "Count II".

Motion to Supplement[2] on September 23, 2008 and a Reply in Support of Motion to Dismiss on October 22, 2008.  (Docs. 6, 7, 9, 14). Defendant argues that Plaintiff's Title VII and ADEA claims are due to be dismissed because Plaintiff did not file this action within ninety (90) days of receiving his EEOC Right to Sue letter. Defendant further asserts that Plaintiff's termination claims should be dismissed because they go beyond the scope of his EEOC Charge of Discrimination. Defendant also argues that Plaintiff's Section 1981 claim fails to state a claim upon which relief can be granted because Plaintiff has not alleged discrimination based on his race, and that his claim based on the Thirteenth Amendment must fail because Plaintiff has not alleged slavery or involuntary servitude. Finally, Defendant asserts that Plaintiff is not entitled to punitive damages absent allegations that Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights, and that Plaintiff's claim for injunctive relief is flawed[3].

## II. Discussion

In ruling on a motion to dismiss for failure to state a claim, the court "must accept the allegations set forth in the complaint

---

[2]In Defendant's Motion to Supplement (Doc. 9), Defendant requested permission to withdraw several of the arguments contained in its Motion to Dismiss.  The Motion to Supplement was granted on October 1, 2008. (Doc. 11).

[3] In its Reply Brief(Doc. 14), Defendant argues that Plaintiff's Complaint should be dismissed due to his failure to respond to Defendant's Motion to Dismiss, despite being directed to do so by this Court.

3

as true." <u>Lotierzo v. A Woman's World Med. Ctr, Inc.</u>, 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. <u>Long v. Slaton</u>, 508 F.3d 576, 578 (11th Cir. 2007).

In order for Plaintiff to maintain a claim under the ADEA or Title VII, he has the initial burden of establishing that he filed his complaint within ninety days of his receipt of the EEOC's right to sue letter. 42 U. S. C. § 2000e-5(f)(1); *see also* <u>Kerr v. McDonald's Corp</u>., 427 F.3d 947 (11th Cir. 2005); <u>Green v. Union Foundry</u>, 281 F.3d 1229 (11th Cir. 2002). Once the defendant contests this issue, the plaintiff has the burden of establishing that he satisfied the ninety day filing requirement. <u>Kerr</u>, 427 F. 3d at 951, citing <u>Green</u> 281 F. 3d at 1233-1234.

As noted supra, Defendant contends that Plaintiff's Title VII and ADEA claims should be dismissed because in his Complaint, Plaintiff alleges that he received his EEOC right to sue letter on or about May 9, 2008; however, his Complaint was not filed until August 8, 2008[4], which is exactly ninety-one days later. Although Plaintiff was directed to file a response to Defendant's motion, and was granted additional time in which to do so, to date, Plaintiff has failed to file a response, and has further failed to refute

---

[4]In Defendant's initial motion, Defendant argued that Plaintiff's complaint was not filed until September 8, 2008; however, in Defendant's supplemental motion, it acknowledges that Plaintiff's complaint was filed on August 8, 2008.

Defendant's contention or otherwise demonstrate that he satisfied the ninety day filing requirement.  To satisfy the ninety day filing requirement, Plaintiff would need to establish that his right to sue letter was actually received on May 10, 2008 or thereafter.  His Complaint however merely asserts that the EEOC letter was received on or about May 9.  Plaintiff has not asserted that he received the EEOC letter *after* May 9, nor has he made any effort to refute Defendant's contention that Plaintiff's Complaint was untimely because it was not filed within 90 days of the May 9th receipt date. Accordingly, even accepting as true the allegation in Plaintiff's Complaint that the EEOC letter was received on or about May 9, it does not refute Defendant's contention and is not sufficient to meet Plaintiff's burden of establishing that he satisfied the ninety day filing requirement.  The undersigned therefore recommends that Plaintiff's  ADEA and Title VII claims be dismissed as untimely.

In Count IV of Plaintiff's Complaint, he alleges that Defendant violated the Thirteenth Amendment to the United States Constitution as protected by 42 U.S.C. § 1981.  Defendant argues that this claim should be dismissed because Plaintiff has not alleged that he was subjected to any involuntary labor by Defendant.  In Powers v. CSX Transportation, Inc., 105 F. Supp. 2d 1295, 1302-1303, (S.D. Ala. 2000) the court questioned whether the Thirteenth Amendment, which prohibits involuntary servitude, provides a direct cause of action, and held that assuming that it does, the amendment is limited to

suits attacking slavery and compulsory labor.  Id at 1303, citing Channer v. Hall, 112 F.3d 214, 217 n.5 (5th Cir. 1997)(assuming that a direct cause of action under the thirteenth amendment exists, it is limited to "suits attacking compulsory labor").  A review of Plaintiff's Complaint reflects that he does not allege that he was subject to slavery or involuntary servitude; therefore, Plaintiff has failed to state a claim upon which relief can be granted under the Thirteenth Amendment.

Plaintiff has also failed to establish a claim under 42 U.S.C. § 1981.  To establish a claim under § 1981, a plaintiff must allege that 1) he is a member of a racial minority; 2) the defendant intended to discriminate on the basis of race, and 3) that the discrimination involved one or more of the activities enumerated in the statute.  Jackson v. Bellsouth Telecomms., 372 F. 3d 1250, 1270 (11th Cir. 2004).  In the instant action, a searching review of Plaintiff's Complaint does not reveal any assertions that Plaintiff was discriminated against on the basis of his race.  Accordingly he has failed to state a claim upon which relief can be granted under § 1981.

### III. Conclusion

For the reasons set forth herein, and upon careful consideration of the record, it is **RECOMMENDED** by the undersigned Magistrate Judge that Defendant City School Board for the City of Selma, Alabama's Motion to Dismiss (Doc. 6) be **Granted.**  The

attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this **6th** day of **November, 2008.**

**_____/s/ SONJA F. BIVINS_____**
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   **<u>Objection</u>**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.   See 28 U.S.C. § 636(b)(1)©; <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Opposing party's response to the objection.</u>**   Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.   Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.   Any party planning to object to

this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**