IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LEVI H. MARSHAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 08-0464-KD-B |
| | ) | |
| CITY SCHOOL BOARD OF THE | ) | |
| CITY OF SELMA, ALABAMA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the court on the report and recommendation entered by Magistrate Judge Sonja F. Bivins on November 10, 2008, plaintiff's objection, and defendants' brief in opposition (docs. 15, 18, 19, 20). For the reasons set forth herein and in the report and recommendation, the court ADOPTS the report and recommendation as the opinion of the court, and defendant's motion to dismiss is GRANTED and plaintiff's claims are DISMISSED with prejudice.

Magistrate Judge Bivins recommends dismissal because plaintiff failed to meet his burden of establishing that he received his Notice of Right to Sue from the Equal Employment Opportunity Commission on May 10, 2008 or thereafter such that filing his complaint on August 8, 2008 would have been timely. Plaintiff alleged that he received the Notice on or about May 9, 2008. Plaintiff filed his complaint on August 8, 2008, ninety-one days after receipt. Title VII of the Civil Rights Act and the Age Discrimination in Employment Act require plaintiffs to file their complaints within the ninety (90) day period which begins to run upon receipt of the Notice.

In his objection to the report and recommendation, plaintiff does not offer any proof that

he received the Notice on May 10, 2008 or thereafter.  To the contrary, he states that he received the Notice on May 9, 2008 (doc. 19, p. 1) and argues that the burden of proof to establish that he failed to file his complaint within the ninety day time period should be placed on defendant.  He also argues that he has "provided numerous documents that lend credence" to his allegation that he filed within the ninety-day time period.  The documents presented indicate that plaintiff purchased a money order made payable to the United States District Court, dated and signed the civil cover sheet, and signed his complaint on August 5, 2008.  However, the complaint was not received and docketed, *i.e,* filed with the court, until August 8, 2008, one day beyond the ninety day time period.

The copy of the Notice of Right to Sue, provided by the plaintiff, plainly states that "Your lawsuit under Title VII or the ADA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice or your right to sue based on this charge will be lost." (Doc. 1, p. 7) (emphasis in original).  Thus, plaintiff was made aware of the time period.  Although plaintiff is proceeding *pro se*, he is obviously an educated person[1] who works as an educator of others, and therefore was not unqualified to calculate the deadline.  Plaintiff's decision to wait until August 5, 2008 to prepare and apparently mail his documents to the court was unfortunate, but does not provide the court with a basis for equitably tolling the limitation period and allowing his untimely complaint.  See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151-152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."); Irwin v. Department of Veterans Affairs, 498 U.S., 89, 96 (1990) (finding that

---

[1] Plaintiff's previous position was a high school assistant principal.

equitable tolling is an extraordinary remedy which should be extended sparingly).

Moreover, none of the circumstances which courts have generally recognized as giving rise to equitable tolling appear to be present in this case. See Portis v. World Omni Finance, 2000 WL 726220, 1-2 (S.D. Ala. 2000) (discussing cases wherein plaintiffs have shown misconduct on the part of defendant which lulled plaintiff to inaction, inadequate notice, a pending motion for appointment of counsel, misleading activity by the court or the EEOC, filing a timely but defective pleading, timely filing in the wrong forum, or circumstances truly beyond the plaintiff's control which prevented the plaintiff from filing in some extraordinary way). However, "the principle of equitable tolling does not extend 'to what is at best a garden variety claim of excusable neglect'" Id. at *2 (quoting Bryant v. United States Department of Agriculture, 967 F.2d 501, 504 (11 th Cir.1992)).

Also, in his objection, plaintiff withdrew his claim for violation of the Thirteenth Amendment and his claim brought under 42 U.S.C. § 1981 (doc. 18, p. 1). Therefore, the court having addressed plaintiff's objection to Magistrate Judge Bivins' recommendation of dismissal of plaintiff's remaining claims under Title VII and the ADEA, defendant's motion to dismiss is **GRANTED** and this case is **DISMISSED with PREJUDICE**.

**DONE** this the 9th day of December, 2008.

                                                s/ Kristi K. DuBose
                                                **KRISTI K. DUBOSE**
                                                **UNITED STATES DISTRICT JUDGE**